IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT GOLDSMITH,              ) | |
|                                ) | |
|     Plaintiff,                 ) | |
|                                ) | |
|     vs.                        ) | Case No. 14 C 3560 |
|                                ) | |
| CARLOS CACERES, MARC SEARS,    ) | |
| MICHELLE MOFFETT, BRIAN        ) | |
| FINK, and MONICA CRUZ,         ) | |
|                                ) | |
|     Defendants.                ) | |

## ORDER ON DEFENDANTS' PARTIAL MOTION FOR SUMMARY JUDGMENT

MATTHEW F. KENNELLY, District Judge:

Robert Goldsmith has sued Carlos Caceres, Mark Sears, Michelle Moffett, Brian Fink and Monica Cruz, all of whom are employed by the Will County Sheriff and work at the Will County jail. He alleges that from October 2013 through May 2014, they engaged in various retaliatory acts because he had submitted grievance complaining of mistreatment at the jail.

The defendants have moved for what they call "partial summary judgment" concerning several alleged acts of retaliation involving particular defendants. They contend that Goldsmith failed to exhaust internal jail grievance remedies before filing suit, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). In their motion, defendants contended that Goldsmith failed to exhaust regarding retaliatory acts against the various defendants that he says occurred on the following dates:

- Sears:  12/3/2013, 4/20/2014, 5/27/2014, and 5/28/2014

- Caceres:  2/21/2014 and 3/19/2014
- Cruz:  3/19/2014
- Moffett:  3/26/2014
- Fink:  (no date specified)

The parties conducted discovery focused on the exhaustion issue, on which the defendants bear the burden of persuasion.  *See Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013).  By the time of their reply, defendants had conceded that they cannot meet their burden on the following defendants and retaliatory acts:

- Sears:  12/3/2013
- Caceres:  2/21/2014
- Cruz:  3/19/2014
- Moffett:  3/26/2014
- Fink:   (no date specified)

The Court observes that the evidence that cut the legs out from under defendants' claim of failure to exhaust regarding these incidents all came from defendants themselves or from their employer the Sheriff and other Sheriff's personnel. Specifically, defendants have conceded the following:

- Goldsmith submitted a grievance for the 12/3/2013 incident involving Sears. but there is no indication the jail ever responded to it.
- Goldsmith submitted a grievance regarding the 2/21/2014 incident regarding Caceres and appealed its denial, but there is no indication the jail responded to the appeal.

2

- Goldsmith appealed the denial of his grievance regarding the 3/19/2014 incident involving Cruz, but the jail failed to log it in.
- Goldsmith submitted a grievance regarding a 3/26/2014 incident involving Moffett and Fink and filed an appeal, but no action was taken on it.

The Court is left to wonder, with all of this evidence in defendants' hands, why they moved for summary judgment on these points to begin with. The Court will leave that for another day, however, and for present purposes it simply denies defendants' motion for summary judgment as it concerns these incidents. As the Seventh Circuit stated in *Ajala v. Tom*, 592 F. App'x 526 (7th Cir. 2015), a correctional facility "may not take unfair advantage of the exhaustion requirement, and a [grievance] remedy becomes unavailable if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting. Thus, when prison officials thwart inmates from exhausting, the process that exists on paper becomes unavailable in reality." *Id.* at 528 (internal quotation marks and citations omitted).

The Court is also constrained to observe that based on the evidence presented by the parties in connection with this motion, there appears to have been a significant lack of institutional control over the grievance system at the Will County jail. As Goldsmith's counsel accurately points out in responding to defendants' motion, the testimony of Sergeant Moffett, who oversees the grievance system, "makes clear that the Jail's grievance records are woefully incomplete, inaccurate and unreliable." Pl.'s Resp. to Defs.' Partial Mot. for Summ. J. at 1. The Sheriff would be well advised to conduct a bottom-to-top review of the system if he has not already done so.

Conversely, in his response to the motion, Goldsmith concedes that he did not file grievances regarding the incidents involving Sears on 4/20/2014, 5/27/2014, or 5/28/2014. Goldsmith makes no attempt to excuse this failure. For this reason, Sears is entitled to summary judgment for failure to exhaust on Goldsmith's claim against him as it relates to these incidents.

This leaves for the Court's determination just one point: whether Caceres is entitled to summary judgment on exhaustion grounds regarding the allegedly retaliatory incident on 3/19/2014. Goldsmith submitted two grievances regarding this date. In the first, in which he named both Caceres and Cruz, Goldsmith stated:

> In yet another episode of a pattern of retaliation, intimidation and harassment for the filing of multiple grievances over the past 2 weeks, Ceseras [sic], collaborating with Ms. Cruz (his friend), had her shake down my cell and my cell alone during lunch break coverage for Quigley, just minute later Ceseras [sic] showed up and talked indicating a conspiracy to retaliate and single me out.

Pl.'s Ex. E at 1. On 3/25/2014, a correctional sergeant named Albano wrote on this grievance form, "Your complaint is being looked into." *Id.*

In his second grievance regarding 3/19/2014, Goldsmith named Caceres and stated:

> "When you throw me under the bus, I come back like Freddy Kruger," was his [Caceres's] announcement at 7 A.M. opening headcount. This is indicative of the retaliation, intimidation I've been complaining of for weeks because of the grievances I filed against him. His comment was obviously targeted toward me and perhaps others who have filed. As a result of this coercive comment I was compelled to voluntarily lockdown for the day. He was already predisposed to retaliation when he came to the pod because he already served the customary 2-week bit and now he is back again solely for the purpose of harassment against those who filed grievances such as myself. His opening statement to the pod is an admission.

4

*Id.* at 2-3. Sergeant Albano likewise wrote on this grievance, "Your complaint is being looked into." *Id.* at 2.

On 3/26/2014, evidently having heard nothing on his grievances, Goldsmith submitted an appeal. The relevant section of the form he submitted reads as follows:

> ( X ) **COMPLAINT ABOUT TREATMENT / GRIEVANCES**
>     ( X ) APPEAL OF GRIEVANCE  *CRUZ*

Pl.'s Ex. F (the Court used script typeface for "Cruz" to denote that this name was handwritten on the form, evidently by Goldsmith). Goldsmith also wrote on the form, "Sgt. Albano never responded to my grievance after she said she would." *Id.*

Defendants say that this shows that Goldsmith intended to appeal only regarding Cruz, not Caceres. They argue Caceres is entitled to summary judgment regarding this incident for this reason. This is an unreasonably narrow reading of the appeal, at least for purposes of a summary judgment motion, when the Court must view the evidence in the light most favorable to the non-moving party, here Goldsmith. Sgt. Moffett, who runs the grievance system, testified during her deposition that Goldsmith's appeal appeared to be an appeal of both grievances. Pl.'s Ex. A (Moffett Dep.) at 70. That is the most reasonable reading given the intertwining of the incidents underlying the grievances and Caceres's alleged involvement in the incidents. Defendants are, in the Court's view, reading too much into Goldsmith's "Cruz" notation on the appeal; unlike defendants, the Court does not see this as indicating an intention to appeal only with regard to Cruz's alleged actions. The Court also notes this is the selfsame appeal that defendants admit the jail never even logged in (which is why Cruz conceded he is not entitled to a non-exhaustion defense on this point), so the Court doubts that defendants

5

are entitled to fly-speck its language and claim non-exhaustion on this sort of technicality in any event.

## Conclusion

For the reasons stated above, defendant Marc Sears is entitled to summary judgment on non-exhaustion grounds on plaintiff's complaint against him insofar as it arises from the incidents on 4/20/2014, 5/27/2014, and 5/28/2014, but the Court otherwise denies defendants' motion [dkt. no. 46]. Prior to the upcoming status hearing, counsel should discuss and attempt to agree upon a schedule for all remaining pretrial proceedings in this case.

Date: February 14, 2016

_____
MATTHEW F. KENNELLY
United States District Judge